IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **BRIAN STREIT, Ph.D,** | \* <br> \* <br> \* |
| **Plaintiff,** | \* <br> \* |
|  | \*   Civil Case No.: SAG-23-2031 |
| v. | \* <br> \* |
| **PRIVATE IDENTITY LLC f/k/a** <br> **OPEN INFERENCE HOLDINGS LLC** | \* <br> \* <br> \* |
| **Defendant.** | \* <br> \* |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Brian Streit, Ph.D, ("Plaintiff") filed a First Amended Complaint against Defendant Private Identity LLC f/k/a Open Inference Holdings LLC ("Defendant"), seeking correction of inventorship on fifteen separate patents and asserting related claims for unjust enrichment and constructive trust. ECF 28. Defendant has filed a motion for judgment on the pleadings, ECF 60, arguing that Plaintiff assigned all of his right, title, and interest in the patents and thus lacks constitutional standing to sue. This Court has reviewed the motion, Plaintiff's opposition, ECF 61, and Defendant's reply, ECF 63, along with the Amended Complaint and Defendant's Answer, ECF 53. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Defendant's motion will be granted and judgment will be entered in favor of Defendant.

I. **BACKGROUND**

The facts contained herein are derived from Plaintiff's First Amended Complaint and are deemed to be true for the purposes of this motion. Plaintiff seeks to correct inventorship of fifteen United States Patents that presently name Scott Edward Streit as the inventor. ECF 28 ¶¶ 1–2.

Each of the fifteen patents is assigned to Defendant. *Id.* ¶ 2. The fifteen patents in question "provide solutions that include comparing biometric data acquired from a given individual and encrypted in polynomial time to previously acquired and stored encrypted biometric data of many known individuals." *Id.* ¶ 4. Plaintiff contributed to the conception, development, and implementation of the inventions and designs protected by the patents between 2017–2018. *Id.* ¶¶ 5–7, 14. Plaintiff jointly invented at least four claimed features that were filed in these patents. *Id.* ¶¶ 15–18. Plaintiff also co-authored a paper with Scott Streit, entitled "Privacy-Enabled Biometric Search," which is cited in the patents and includes material from Plaintiff's collaboration and involvement in the technology described in the patents. *Id.* ¶ 19.

Plaintiff alleges that he is an unnamed joint inventor on all fifteen patents. *Id.* ¶ 22. On April 17, 2017, after four patent applications had been filed with the USPTO concerning these inventions, Plaintiff signed a document entitled "Assignment Agreement," which read in relevant part:

> For good and valuable consideration, the receipt of which is hereby acknowledged, I, the undersigned Assignor, hereby:
>
> 1. Sell, assign and transfer to [Defendant], its successors, assigns and legal representatives, all hereinafter referred to as the Assignee, my entire right, title and interest for the United States and all foreign countries, in and to any and all inventions and designs which are disclosed in the paper entitled "Privacy-Enabled Biometric Search" and to any patent application relating to any matter relating to [Defendant], including the patent applications for United States Letters Patent filed in the United States Patent and Trademark Office on March 7, 2018 under No. 15/914,436, 15/914,562, 15/914,942, and/or 15/914,969 bearing Attorney Docket No. O0403.700000US00, and entitled SYSTEMS AND METHODS FOR PRIVACY-ENABLED BIOMETRIC PROCESSING, and in and to the application and all corresponding provisional, non-provisional, divisional, continuing, substitute, renewal, reissue and all other applications for Letters Patent, utility models, industrial designs or similar intellectual property rights which have been or shall be filed in the United States, internationally, and in any foreign country…on any of the inventions and designs; and in and to all or original and reissued patents which have been and shall be issued in the United States or any other jurisdiction on the inventions and designs….=

    2. Agree that the Assignee may apply for and receive Letters Patent and utility model and industrial design registrations for the inventions and designs in its own name…

ECF 26-2.

Plaintiff never worked for Defendant and received no consideration or compensation from Defendant for signing the "Assignment Agreement" or developing the inventions. ECF 28 ¶ 22. Defendant went on to seek eleven additional patents using Plaintiff's inventions. *Id.* ¶¶ 28–38. Those additional patent applications, and the revisions and amendments made to the four original patent applications, "were not nor could they have been contemplated at the time the Assignment Agreement was signed." *Id.* ¶ 39. Plaintiff seeks to be named as a joint inventor on each of the fifteen patents, alleges unjust enrichment, and asks that any funds "Defendant has accepted and retained" be "placed in constructive trust for Plaintiff. *Id.*

## II.  LEGAL STANDARD

A party may seek judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Thus, a court "evaluating a motion for judgment on the pleadings must assume that the well-pleaded facts alleged in the complaint are true and must draw all reasonable factual inferences in favor of the non-moving party." *Jones v. Blair Wellness Ctr., LLC*, Civ. No. ADC-21-2606, 2023 WL 5109736, at *2 (D. Md. Aug. 9, 2023) (quoting *Hamilton Jewelry, LLC v. Twin City Fire Ins. Co., Inc.*, 560 F. Supp. 3d 956, 961 (D. Md. 2021)). In addition to the pleadings, a court may consider matters of judicial notice in a motion for judgment on the pleadings. *See e.g.*, *Goldstein v. FDIC*, Civ. No. ELH-11-1604, 2014 WL 69882, at *9 (D. Md. Jan. 8, 2014) (citing *Armbruster Prods., Inc. v. Wilson*, 35 F.3d 555 (table), 1994 WL 489983, at *2 (4th Cir. 1994)). "A Rule 12(c) motion should be granted when the pleadings "fail to state any cognizable claim for relief, and the

3

matter can, therefore, be decided as a matter of law." *Hamilton Jewelry, LLC*, 560 F. Supp. 3d at 961 (internal quotation marks and citation omitted); *see also Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012) (quoting 5C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367, at 208 (3d ed. 2004)).

### III. DISCUSSION

Defendant seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the Assignment Agreement validly assigned all of Plaintiff's right, title and interest to the patents to Defendant such that his claims cannot be maintained. ECF 60-1. Plaintiff counters that the assignment is invalid because he received no consideration. ECF 61.

Initially, this Court rejects Plaintiff's preliminary contention that this motion constitutes a disguised motion for reconsideration of this Court's earlier "denial" of Defendant's motion to dismiss. ECF 61 at 2–4. This Court did not formally deny that motion to dismiss, but simply sent a letter to the parties to ascertain whether the case presented a facial or a factual attack on jurisdiction. ECF 47. Defendant thereafter withdrew the motion to dismiss before this Court issued a ruling. However, even had this Court ruled on Defendant's earlier motion, it would not find the instant motion to constitute a motion for reconsideration because new arguments have been raised. Specifically, Defendant now argues expressly that consideration is not required to effect a valid patent assignment. ECF 60-1 at 4. This Court has not previously been presented with, or considered, that contention.

This Court accordingly turns to the merits of Defendant's argument. Defendant avers that Plaintiff lacks standing to sue because an individual who has assigned away his rights to a patent lacks standing to sue for correction of inventorship. *See* ECF 60-1 at 4 (citing *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327–28 (Fed. Cir. 2009)). Because "[t]he plaintiff bears the burden of

4

establishing standing to sue as of the time he commenced the litigation," *Ali v. Hogan*, 26 F.4th 587, 596 (4th Cir. 2022), a valid prior assignment deprives this Court of jurisdiction. *Larson*, 569 F.3d at 1325–26. Plaintiff counters that an assignment constitutes a contract under Texas law, requiring consideration which was not paid here. ECF 61 at 4–7. Thus, in Plaintiff's view, the assignment was invalid and he retains standing.

Plaintiff's attempt to invoke Texas contract law, however, is unavailing. In the context of patent assignments, federal courts agree that a voluntary assignment of a patent or chose in action is valid even in the absence of consideration. *See, e.g.*, *Keller v. Bass Pro Shops, Inc.*, 15 F.3d 122, 125 (8th Cir. 1994) (citing the Restatement (Second) of Contracts § 332 for the proposition that "an effective voluntary assignment of a patent need not be supported by consideration."); *Nebco & Assocs. v. United States*, 23 Cl. Ct. 635, 645 (Cl. Ct. 1991) ("An assignment of a chose in action is valid after delivery even though made without consideration.");*W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 198 F. Supp. 3d 366, 377 (D. Del. 2016) ("The Assignment at issue in this case is clearly *not* a contract requiring consideration on both sides"); *see also Wallach v. Eaton Corp.*, 837 F.3d 356, 369 (3d Cir. 2016) (reasoning, in the context of assignment of antitrust claims, that federal common law, not individual state laws, should govern, and adopting Restatement (Second) of Contracts § 332 as the governing federal common law).[1] These cases premise their holdings on the Restatement (Second) of Contracts § 332, which provides:

> A voluntary, written assignment of a chose in action is irrevocable once the instrument is signed and delivered; consequently, it cannot later be set aside by the

---

[1] This Court agrees with the approach adopted by the Third Circuit in *Wallach* because consideration of each state's common law principles in assessing the validity of assignment of a federal claim (like patent or antitrust) would lead to uncertainty and manipulation. That said, even if Texas law should be considered in this analysis, this Court is unpersuaded that this Assignment Agreement is a contract for the reasons described below.

> assignor for lack of consideration. Patents are choses in action. Thus, an effective voluntary assignment of a patent need not be supported by consideration.

*Id.*

It is clear that the "Assignment Agreement" in this case is a voluntary assignment, not a contract. The document is not, and was not intended to be, signed by two or more parties. *See* ECF 26-2 (bearing a single signature line for the "inventor" only). It is a unilateral assignment. While it acknowledges previous receipt of "good and valuable consideration," and there is a present dispute about whether any such payment of consideration occurred, the "Assignment Agreement" itself simply effects the present transfer of Plaintiff's right, title, and interest in the inventions and designs. ECF 26-2. The Assignment Agreement is a written document and it was signed and delivered to Defendant. Accordingly, pursuant to Restatement (Second) of Contracts § 332, it constitutes an effective voluntary assignment of Plaintiff's right, title, and interest in the inventions, designs, and related patents that cannot now be set aside for lack of consideration. As such, Plaintiff now lacks constitutional standing to assert his correction of inventorship claims. *See Larson,* 569 F.3d at 1327–28. And without valid interest remaining in the inventions and designs, Plaintiff also lacks constitutional standing to pursue unjust enrichment and constructive trust claims.

Finally, this Court is unpersuaded by Plaintiff's argument that the Assignment Agreement only governs the subset of patents expressly referenced therein. ECF 61 at 8. The Assignment Agreement pertains to the "inventions and designs," not just specific patents, and broadly transfers Plaintiff's right, title, and interest "to any patent application relating to any matter relating to" Defendant. ECF 26-2 at 2. It also specifically refers to applications "which have been or shall be filed" and contemplates Plaintiff assisting with any future actions necessary to vest "title to the inventions and designs and all applications for patents and all patents on the inventions and

6

designs, in the" Defendant. *Id.* Plaintiff clearly alleges, in the Amended Complaint, that all fifteen of the patents at issue in this case derive from the original set of inventions. ECF 28 ¶¶ 28–38. Plaintiff's preferred reading of the Assignment Agreement, then, is contradicted by its plain language, which encompasses all of the patents at issue in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF 60, is granted. A separate order follows.

Dated: January 21, 2025                                         /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge