IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIAN STREIT, Ph.D, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Case No.: SAG-23-2031 |
| v. | * | |
| | * | |
| PRIVATE IDENTITY LLC f/k/a | * | |
| OPEN INFERENCE HOLDINGS LLC | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

On January 21, 2025, this Court entered judgment in favor of Defendant Private Identity LLC f/k/a Open Inference Holdings LLC ("Defendant") against Plaintiff Brian Streit, Ph.D. ("Plaintiff"), on his claims relating to inventorship on fifteen separate patents. ECF 65, 66. Defendant has now filed a motion seeking attorneys' fees pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. ECF 68. Plaintiff opposed the motion, ECF 78, and Defendant filed a reply, ECF 79. This Court has reviewed the filings and exhibits and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Defendant's motion will be denied.

I. **LEGAL STANDARDS**

Congress provided that, in patent cases, the court "may award reasonable attorney fees to the prevailing party," but expressly limited that discretionary authority to "exceptional cases." 35 U.S.C. § 285. The Supreme Court has defined an exceptional case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was

litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). In considering whether a patent case is extraordinary, a district court employs a "case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

Defendant also seeks to collect its fees from Plaintiff's counsel pursuant to 28 U.S.C. § 1927, which provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" may be required "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An attorney is liable under that standard when he persists in pursuit of an evidently meritless claim. *Blue v. U.S. Dep't of the Army*, 914 F.2d 525, 537 (4th Cir. 1990).

## II.  DISCUSSION

Defendant contends that the conduct of Plaintiff and his counsel during this proceeding warrants an award of fees under the above standards. Specifically, Defendant argues that Plaintiff omitted any mention of his written assignment of the disputed patent to Defendant in his original Complaint, responded to a motion to dismiss by filing an Amended Complaint contending that the written assignment was "null and void," incorporated several misrepresentations into his opposition to the motion to dismiss, filed the lawsuit for the improper purpose of disrupting Defendant's business, and acted less than diligently and in an obstructive manner during discovery. ECF 68-1.

This Court agrees that Plaintiff's conduct was suboptimal in several respects, most notably in his failure to reference the written assignment in his original Complaint. But the overall record in this case does not move the needle past "suboptimal" to "extraordinary" or "unreasonable/vexatious." To the extent that Plaintiff believed that the written assignment was null and void, his failure to reference it would be somewhat excusable (although, of course, this Court

would prefer to have knowledge of its existence from the outset of the case). While this Court ultimately disagreed with Plaintiff's position that the written assignment was invalid, his contention regarding Texas contract law did not rise to the level of a frivolous argument. Accordingly, neither the failure to mention the assignment nor the content of the amended complaint amounts to an extraordinarily unjustified or vexatious litigation position.

As for Plaintiff's representations in his affidavit opposing the motion to dismiss, each relates to an undocumented conversation between Plaintiff and Defendant's CEO, Mr. Pollard. ECF 68-1 at 9–10. Defendant's assertions that Plaintiff's representations are "demonstrably false" remain untested in a judicial setting and appear to be genuinely disputable, particularly since one party's recollection of a conversation can vary from another's.

Defendant also avers that Plaintiff's counsel delayed responding to a request to accept service of a subpoena for Plaintiff's father. Without amassing evidence regarding the reason for the delay, this Court cannot determine whether the delay was unwarranted, and this Court declines to invite a mini-trial for the sole purpose of potentially justifying a fee award. Defendant further contends that Plaintiff brought this action "for the purpose of applying business pressure by using a baseless lawsuit to cause [Defendant] to lose clients." Defendant bases its contention on correspondence from Plaintiff's prior counsel, not his existing counsel. And the characterization of lawsuit as "baseless" is Defendant's, not Plaintiff's or this Court's.

Finally, Defendant blames Plaintiff for several discovery disputes that arose during this proceeding. Discovery disputes and delays, such as a failure to produce metadata or to produce all documents in a timely fashion, are unfortunately not uncommon. Those cited by Defendant do not rise to the level of extraordinary or vexatious and do not merit payment of attorneys' fees.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for attorneys' fees, ECF 68, is denied. A separate order follows.

Dated: April 29, 2025

/s/
Stephanie A. Gallagher
United States District Judge